UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEAN A. KLEIN,

                Plaintiff,

                DECISION AND ORDER
      -v-                    09-CV-6594 CJS

J.P. MORGAN CHASE,

                Defendant.
_____

INTRODUCTION

This is an action in which Plaintiff alleges that Defendant wrongfully terminated his employment and deprived him of certain property and benefits. Now before the Court is Defendants' motion to dismiss the complaint (Docket No. [#3]). For the reasons that follow, the application is granted and this action is dismissed.

BACKGROUND

On October 16, 2009, Plaintiff commenced this action in New York State Supreme Court, Monroe County. Plaintiff's verified complaint ("Complaint") indicates that Defendant terminated his employment on September 21, 2005, more than four years prior to the commencement of the action. The Complaint states that Plaintiff was 48 years of age when Defendant terminated his employment, though there is no allegation that Plaintiff was fired because of his age. The Complaint indicates that Plaintiff was an "at will" employee (Complaint ¶ 23), and does not identify any contractual right to continued employment.

The Complaint indicates that Defendant terminated Plaintiff's employment because Defendant believed that Plaintiff and others were taking Defendant's ink cartridges "and recycling them for their own benefit." (Complaint ¶ 10). The Complaint indicates that such accusation was "false." (*Id*. at ¶ 12). The Complaint indicates that it is asserting claims for "breach of contract, . . . conversion, fraud, and unjust enrichment." (*Id*. at ¶ 1). The Complaint

purports to state five separate causes of action, but the third numbered cause of action really just provides additional information concerning the first and second causes of action.[1] The Court reads the Complaint as stating the following causes of action: 1) termination without just cause/breach of contract; 2) conversion of Plaintiff's property; 3) unjust enrichment; and 4) fraud. The fraud claim alleges that Defendant terminated Plaintiff for the purpose of denying him employee benefits. (*Id*. ¶ 23) ("Defendant produced allegations for the sole purpose of denying the Plaintiff his rightfully-entitled severance package, stock options and retirement that applies.").

On November 23, 2009, Defendant removed the action to this court. On December 1, 2009, Defendant moved [#3] to dismiss the entire Complaint, pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). Defendant maintains that the first and second causes of action are barred by New York's "at-will employee doctrine." Defendant states that under such doctrine, Defendant was entitled to terminate Plaintiff's employment "for any lawful reason or for no reason." Defendant further states that to the extent that Plaintiff was attempting to allege discrimination, any such claim would be barred by the applicable statutes of limitation. As for Plaintiff's claim that Defendant fired him to avoid having to pay him severance or other benefits, Defendant maintains that such claim is preempted by ERISA, and that such claim would be time-barred under the two-year statute of limitations for claims brought under ERISA § 510.

On January 29, 2010, the Court issued a Motion Scheduling Order [#6], which directed Plaintiff to file and serve any responsive papers on or before March 5, 2010. Plaintiff did not file opposition papers. On April 16, 2010, Defendant filed a request [#7] for dismissal, indicating

---

[1]The third numbered cause of action alleges that in terminating Plaintiff's employment and in withholding his property, Defendant relied on false information provided by one of Plaintiff's co-workers who was attempting to advance her own career. (Complaint ¶¶ 18-19).

2

that the Motion to Dismiss [#3] was unopposed. To date, Plaintiff has filed nothing with the Court.

DISCUSSION

In ruling upon a motion to dismiss made pursuant to FRCP 12(b)(6), the Court must construe

> the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. Although the pleading standard is a liberal one, bald assertions and conclusions of law will not suffice. To survive dismissal, the plaintiff must provide the grounds upon which her claim rests through factual allegations sufficient to raise a right to relief above the speculative level.

*Reddington v. Staten Island Univ. Hosp.*, 511 F.3d 126, 131 (2d Cir. 2007) (citations and internal quotation marks omitted). In that regard, a complaint must contain "a short and plain statement of the grounds for the court's jurisdiction," as well as "a short and plain statement of the claim, showing that the pleader is entitled to relief." FRCP 8(a).

The Complaint fails to plausibly allege the existence of any employment contract, and to the contrary, it indicates that Plaintiff was an at-will employee. Consequently Plaintiff has not stated a claim for breach of contract.[23] Nor does the Complaint allege that Plaintiff was terminated

---

[2] *See, De Petris v. Union Settlement Ass'n, Inc.*, 86 N.Y.2d 406, 410, 657 N.E.2d 269 (1995) ("Absent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party (*Sabetay v. Sterling Drug*, 69 N.Y.2d 329, 333, 514 N.Y.S.2d 209, 506 N.E.2d 919). This State neither recognizes a tort of wrongful discharge nor requires good faith in an at-will employment relationship ( *Murphy v. American Home Prods. Corp.*, 58 N.Y.2d 293, 297, 461 N.Y.S.2d 232, 448 N.E.2d 86; *Ingle v. Glamore Motor Sales*, 73 N.Y.2d 183, 188, 538 N.Y.S.2d 771, 535 N.E.2d 1311). An employee may recover, however, by establishing that the employer made the employee aware of its express written policy limiting its right of discharge and that the employee detrimentally relied on that policy in accepting the employment (*see, Weiner v. McGraw-Hill, Inc.*, 57 N.Y.2d 458, 465-466, 457 N.Y.S.2d 193, 443 N.E.2d 441). Where these elements are proved, the employee in effect has a contract claim against the employer. Mere existence of a written policy, without the additional elements identified in *Weiner*, does not limit an employer's right to discharge an at-will employee or give rise to a legally enforceable claim by the employee against the employer.")

[3] Plaintiff alleges that Defendant has refused to provide him with a copy of "any employment manual and any existing code of conduct manual that may exist." (Complaint ¶ 13). However, there is no allegation that Plaintiff was aware of any particular policy and relied on such policy to his detriment, as would be required
(continued...)

3

because of his membership in a protected class. Any claim for conversion or unjust enrichment would be time-barred under New York's applicable statute of limitations, which is three years for both claims. *See, Daisley v. FedEx Ground Package System, Inc.*, No. 09-0011-cv, 2010 WL 1838667 at *1 (2d Cir. May 10, 2010) ("The New York statute of limitations is . . . three years for conversion claims, *see* [N.Y. C.P.L.R.] § 214(3).") (unpublished); *Ingrami v. Rovner*, 45 A.D.3d 806, 808, 847 N.Y.S.2d 132, 134 (2d Dept. 2007) (Holding that for unjust enrichment claim, "the three-year statute of limitations of CPLR 214(3) governs here, since the plaintiff is seeking monetary, as opposed to equitable, relief.") (citations omitted). Moreover, Plaintiff's claim that he was fraudulently fired in order to deprive him of employment benefits is barred by the two-year statute of limitations for claims under ERISA § 510.[4]

## CONCLUSION

Defendants' motion to dismiss [#3] is granted and this action is dismissed with prejudice. Oral argument of the motion, which had been scheduled for July 22, 2010, is cancelled as moot.

SO ORDERED.

Dated:   June 1, 2010
         Rochester, New York

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge

---

[3](...continued)
to establish a breach of contract claim. *See, Bernhardt v. Tradition North America*, 676 F.Supp.2d 301, 305 (S.D.N.Y. 2009) ("To establish that such policies are a part of the employment contract, an employee alleging a breach of implied contract must prove that (1) an express written policy limiting the employer's right of discharge exists, (2) the employer (or one of its authorized representatives) made the employee aware of this policy, and (3) the employee detrimentally relied on the policy in accepting or continuing employment.") (citations and internal quotation marks omitted).

[4]*Downes v. JP Morgan Chase & Co.*, No. 03 Civ.8991(GEL), 2004 WL 1277991 at *5 (S.D.N.Y. Jun. 8, 2004)("The parties agree that the statute of limitations for ERISA § 510 claims is two years.")(*citing Sandberg v. KPMG Peat Marwick, L.L.P.*, 111 F.3d 331, 336 (2d Cir.1997)).

4